UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALISHA R SILBAUGH,<br><br>Plaintiff,<br><br>v.<br><br>ELAINE CHAO, Secretary of the Department of Transportation,<br><br>Defendant. | Case No. C17-1759RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY |

This matter comes before the Court on Defendant Elaine Chao's Motion to Stay Discovery. Dkt. #18.[1] Defendant has filed a Motion to Dismiss under Rule 12(b)(1) based on Plaintiff Alisha R. Silbaugh's alleged failure to file this complaint naming the correct defendant within the applicable statutory time limit. Dkt. #17. If Defendant's procedural facts and arguments are correct, this case cannot proceed. The Motion to Dismiss is noted for consideration ten days from now, on June 1, 2018. Plaintiff's response brief is due on May 29, 2018, seven days from now. Defendant now moves under Rule 26(c) to stay discovery pending the resolution of this Motion to Dismiss in order to save Defendant the burden and expense of unnecessary discovery. Dkt. #18.

---

[1] The Court has determined that it can rule on this Motion without needing a reply brief from Defendant.

ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY - 1

In Response, Plaintiff states that the parties have already exchanged initial disclosures and that no other discovery requests have been served. Dkt. #19. Plaintiff argues that discovery should not be stayed because Plaintiff may be able to obtain discovery to aid her in responding to the pending Motion to Dismiss. *Id*. at 3. However, Plaintiff does not explain what facts or records she hopes to obtain in discovery. Her statement of facts appears complete and does not raise any questions that could be answered by further discovery. Plaintiff also argues that the request is overbroad and premature. *Id*. at 3–4.

District courts have broad discretion to stay discovery on a showing of "good cause." Fed. R. Civ. P. 26(c). Defendant reasonably contends that discovery may be an unnecessary expense in this case. The Court is not convinced that a stay will prejudice Plaintiff. The issues raised in Defendant's Motion to Dismiss concern facts that should already be available to Plaintiff, *e.g.* the procedural timeline of this case, who was named in the Complaint, etc. Plaintiff has not said what other facts she needs to obtain in discovery. Furthermore, Plaintiff has not explained how she would be able to propound discovery now that would aid her in time to respond to the pending Motion to Dismiss, when Defendant would have 30 days to respond to such discovery requests. Fed. R. Civ. P. 33(b)(2); Fed. R. Civ. P. 34(b)(2)(A). Plaintiff does not move for relief from the deadline to respond.

The Court finds this Motion is not premature. Defendant has raised a threshold question of subject matter jurisdiction that should be answered before proceeding with discovery. By moving now, Defendant may save both parties time and money. Plaintiff cites no basis to prevent a stay under these circumstances. *See* Dkt. #19 at 3( citing *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993) ("There is no suggestion, however, that the discovery sought was relevant to whether or not the court has subject matter jurisdiction. Had that been the

case, the stay would have been improper.")). Given all of the above, the Court finds that a stay of discovery is warranted in this case.

Accordingly, the Court hereby finds and ORDERS that Defendant's Motion to Stay Discovery, Dkt. #18, is GRANTED. Discovery is stayed pending resolution of Defendant's Motion to Dismiss, Dkt. #17.

DATED this 22 day of May 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING DEFENDANT'S MOTION TO STAY DISCOVERY - 3