UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALISHA R SILBAUGH,

    Plaintiff,

v.

ELAINE CHAO, Secretary of the Department of Transportation,

    Defendant.

Case No. C17-1759 RSM

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I.     INTRODUCTION

This matter comes before the Court on Defendant Elaine Chao's Motion to Dismiss brought under Rule 12(b)(1). Dkt. #17. Defendant argues that Plaintiff Alisha R. Silbaugh's claims should be dismissed because she failed to file this action naming the correct defendant within the applicable statutory time limit. *Id*. Plaintiff Silbaugh opposes this Motion. Dkt. #22. The Court heard oral argument on June 29, 2018. Dkt. #32. For the reasons set forth below, the Court GRANTS Defendant Chao's Motion and dismisses this case.

//

//

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 1

## II. BACKGROUND[1]

Plaintiff Silbaugh is an African American woman who worked for the Federal Aviation Administration ("FAA"), part of the Department of Transportation. Dkt. #9 at 2. Ms. Silbaugh alleges she has a documented history of major depression and Post Traumatic Stress Disorder ("PTSD"). *Id.* Ms. Silbaugh was terminated by her employer on or about February 17, 2017, allegedly in violation of Title VII of the Civil Rights Act and the Rehabilitation Act. She appealed her termination to the Merit Systems Protection Board ("MSPB"), which affirmed Defendant's decision to terminate Plaintiff.

Ms. Silbaugh filed this action on November 21, 2017, within 30 days of the MSPB decision. Dkt. #1. Ms. Silbaugh's initial Complaint named only the FAA and FAA employee Kristopher Kern as defendants. *Id.* Ms. Silbaugh attempted to serve the FAA in January of 2018 by sending the complaint and unsigned summonses to the U.S. Attorney in Seattle and the Attorney General in D.C. Dkts. #7 at 1, #30 at 3. Five months later, on April 26, 2018, the United States of America, on behalf of the FAA, moved to dismiss arguing that Ms. Silbaugh had failed to name the correct defendant. Dkt. #5. The next day Ms. Silbaugh amended her complaint to name as defendant Elaine Chao, head of the Department of Transportation. Dkt. #9. Ms. Silbaugh served the Amended Complaint and summons on the Seattle U.S. Attorney's office and the U.S. Attorney General in D.C. via certified mail two days later. *See* Dkts. #23-2 at 2, #30 at 3.

Defendant Chao filed the instant, second Motion to Dismiss on May 10, 2018. Dkt. #17. Defendant Chao argues that this case must be dismissed under Rule 12(b)(1) because the correct

---

[1] The Court will focus only on those background facts necessary for addressing this Rule 12(b)(1) Motion.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 2

defendant was not named within the applicable statutory time limit and because the Amended Complaint does not relate back under Rule 15(c)(1). *Id*.

### III. DISCUSSION

**A. Legal Standard under Rule 12(b)(1)**

On a motion to dismiss pursuant to Rule 12(b)(1), the burden is on the plaintiff to establish subject-matter jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). A defendant may make a jurisdictional attack that is either facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack occurs when the movant "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id*. A factual attack occurs when the movant "disputes the truth of the allegations, that by themselves, would otherwise invoke federal jurisdiction." *Id*. In a factual challenge, a court may rely on evidence extrinsic to the pleadings and resolve factual disputes relating to jurisdiction. *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). When considering a motion to dismiss for lack of subject matter jurisdiction, the federal district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction, and consideration of material outside pleadings does not convert the motion into one for summary judgment. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). In support of a motion to dismiss under Rule 12(b)(1), the moving party may submit "affidavits or any other evidence properly before the court. It then becomes necessary for the party opposing the motion to present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in

fact, possesses subject matter jurisdiction." *Colwell v. Dep't of Health and Human Servs.*, 558 F.3d 1112, 1121 (9th Cir. 2009).

### B. Procedural Requirements at Issue

Title VII, 42 U.S.C. § 2000e-16, bars employment discrimination based on race, color, religion, sex, and national origin. Section 2000e-16(c) provides that when a Title VII action is filed, "the head of the department, agency, or unit, as appropriate, shall be the defendant." "In order to bring a Title VII claim in district court, a plaintiff must first exhaust [his or her] administrative remedies." *Sommatino v. United States*, 255 F.3d 704, 707 (9th Cir. 2001). Under 5 U.S.C. § 7703(b)(2), an appeal of an MSPB decision must be filed in federal court "within 30 days after the individual filing the case received notice of the judicially reviewable action under such section 7702."

Ms. Silbaugh undisputedly named the wrong party in her original Complaint. *See* Dkt. #1 (naming as defendant the FAA and not Secretary Chao); Dkt. #21 at 1. Plaintiff has since attempted to remedy this error in an Amended Complaint. Defendant Chao argues that the original complaint was timely but that the Amended Complaint is not. *See* Dkt. #17. At issue therefore is whether this amendment relates back.

Under Rule 15(c)(1), an amendment that changes the party or naming of the party can relate back to the date of the original pleading, but there is a timing requirement. In a case such as this one with a United States agency defendant, the timing requirement is met if the United States received notice by delivery *or* mailing of process to the U.S. Attorney, Attorney General of the United States, *or* officer or agency during the period provided by Rule 4(m) for service, *i.e.* 90 days. Fed. R. Civ. P. 15(c)(2). In other words, the agency is considered to have received notice for purposes of relation back even if it was not served, so long as at least one of either the

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 4

U.S. Attorney or Attorney General received delivery or mailing of process within 90 days of the original complaint being filed.

**C. Defendant's Motion**

Defendant Chao argues that the relation back provisions above do not apply if the newly named defendant did not receive notice within the thirty-day statutory period, citing *Romain v. Shear*, 799 F.2d 1416, 1419 (9th Cir. 1986). Dkt. #17 at 8. Defendant also cites to the notice requirements of Rule 15(c)(2) above, and several other cases form the 1980s for the same proposition. *See id*.

In Response, Ms. Silbaugh argues that *Romain* was overturned by the 1991 amendments to Rule 15. Dkt. #22. Ms. Silbaugh suggests that Defendant's Motion violates Rule 11.

On Reply, Defendant Chao argues that the post-1991 amendment Rule 15(c) is still not satisfied here because, although Plaintiff may have "mailed and delivered the original summons and Complaint to the U.S. Attorney's Office within the 90-day period," "those efforts did not serve 'process' as required by Rule 15(c)(2) because Plaintiff served only an unsigned summons on the U.S. Attorney's Office." Dkt. #24 at 8 (citing Chan Decl. at ¶ 2; *Hart v. United States*, 817 F.2d 78, 80 (9th Cir. 1987)). Chao points out that Federal Rule of Civil Procedure 4(a)(1) requires summonses be signed.[2]

At oral argument, and at the Court's request, Defendant Chao presented further evidence that Plaintiff Silbaugh failed to mail a signed summons to the Attorney General within the 90-day period. *See* Dkt. #30. Ms. Silbaugh argued that the Court should extend the 90-day period on a showing of good cause.

---

[2] The Court notes that Defendant Chao raises several other arguments in her Reply for the first time. Ms. Silbaugh moves to strike these arguments in a Surreply. Dkt. #26. The Court will not consider this argument raised for the first time on Reply. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (citing *Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003)).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS - 5

The Court has considered all of the arguments and evidence submitted and concludes that the United States did not receive notice during the period provided by Rule 4(m). Because Ms. Silbaugh is "changing the party or the naming of the party against whom a claim is asserted," and because a United States officer has been added as a Defendant, she is required to have provided notice to the United States within 90 days of filing the original complaint for her Amended Complaint to relate back. Otherwise the amended complaint is considered filed as of the date of its filing, rather than the date of the original complaint. In this case, the United States did not receive notice in January of 2018 because the documents received by the U.S. Attorney and the Attorney General did not constitute process under Rule 4(a)(1). The United States did not receive notice until the end of April or early May 2018. This is well beyond 90 days from the original filing of this case in November of 2017. The Court finds that the time period prescribed by Rule 15(c) refers to "the period provided by Rule 4(m)," 90 days, and does not on its own permit the Court to extend that period for good cause. Even if the Court could so extend the time, the Court finds that Plaintiff has failed to demonstrate good cause for her procedural errors.

Since the amended complaint does not relate back, it has been filed beyond the 30-day window prescribed by 5 U.S.C. § 7703(b)(2). Accordingly, this case is properly dismissed under Rule 12(b)(1). While the Court is loath to throw out cases without reaching the merits, the procedural errors in this matter, committed by a plaintiff represented by counsel, are too significant to excuse.

Given all of the above, the Court declines to consider Rule 11 sanctions against Defendant.

## IV. CONCLUSION

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby finds and ORDERS that Defendants' Motion to Dismiss (Dkt. #17) is GRANTED. Plaintiff's claims are DISMISSED. This case is CLOSED.

DATED this 9th day of August 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE