1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

ALISHA R SILBAUGH,                               Case No. C17-1759RSM

11

Plaintiff,

12

v.                                   ORDER DENYING MOTION TO
                                                 CONTINUE TRIAL DATE

13

PETE BUTTIGIEG, Secretary of the
14   Department of Transportation,

15

Defendant.

16

17          This matter comes before the Court on Plaintiff Alisha Silbaugh's Motion to Amend Trial

18   Date. Dkt. #60. Pursuant to a stipulation filed by the parties, trial was set for September 20,

19   2021. Dkt. #53. The same month that stipulation was filed, Plaintiff's counsel at the time

20
     withdrew. Dkt. #56. Plaintiff obtained new counsel entering an appearance on April 4, 2021.
21
     Dkt. #58. The instant Motion was filed a few weeks after that. Plaintiff's new counsel states he
22

23   is counsel of record in a case set for trial on Tuesday, September 21, 2021, *Caldwell v. Spencer*

24   *(Navy), C.A.*, Case No. 3:19-cv-06095-BHS, and informs the Court that he "is not able to try two

25
     cases simultaneously." Dkt. #60 at 1.
26
            The Government opposes this Motion, arguing that "plaintiff's decision five months
27

28   before the trial date to hire an attorney who is unable to comply with the case schedule is not

ORDER DENYING MOTION TO CONTINUE TRIAL DATE - 1

good cause." Dkt. #61 at 1.  The Government points out, "Plaintiff's motion does not state that she and her new counsel have a preexisting attorney/client relationship or argue that her new counsel is the only one who can represent her in this matter." *Id*. at 2.  The Government points to its own scheduling issues as a source of prejudice if this Motion is granted.  *Id*.

Plaintiff has declined to file a reply brief.

A scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  The decision to modify a scheduling order is within the broad discretion of the district court.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Id.* at 609.  If a party has acted diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow modification of the schedule.  *Id*.  However, "if that party was not diligent, the inquiry should end" and the motion to modify should not be granted. *Id*.  Local Civil Rule 16(m) states that "this rule will be strictly enforced" in order to "accomplish effective pretrial procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to the party opposing the modification may provide additional reasons for denying the motion, it is not required to deny a motion to amend under Rule 16(b).  *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1295 (9th Cir. 2000).

Plaintiff has the burden of demonstrating good cause and has failed to do so.  The Court finds that Plaintiff hired new counsel who knew of a scheduling conflict.  Plaintiff fails to explain why she must proceed with this new counsel or why this otherwise constitutes good cause to modify the scheduling order.  Although the prejudice to the Government is likely small, it does exist and weighs against granting this Motion.

ORDER DENYING MOTION TO CONTINUE TRIAL DATE - 2

Having reviewed the relevant pleadings and the remainder of the record, the Court hereby

finds and ORDERS that Plaintiff Silbaugh's Motion to Amend Trial Date, Dkt. #60, is DENIED.


DATED this 12th day of May 2021.




RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DENYING MOTION TO CONTINUE TRIAL DATE - 3